UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARL ANTHONY KNIGHT, JR.,

                              Plaintiff,

        v.                                                    9:25-CV-0996
                                                              (MAD/PJE)

N. ANZALONE, et al.,

                              Defendants.

---

APPEARANCES:

CARL ANTHONY KNIGHT, JR.
Plaintiff, pro se
QJ-0100
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612

LAMARCHE SAFRANKO LAW PLLC          ANDREW R. SAFRANKO, ESQ.
Counsel for Defendant Anzalone
987 New Loudon Road
Cohoes, NY 12047

HON. LETITIA JAMES                  RACHAEL OUIMET, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Defendants Swinderski,
Coomber, and Barrette
The Capitol
Albany, NY 12224


MAE A. D'AGOSTINO
United States District Judge

1

**DECISION and ORDER**

## I.    INTRODUCTION

Plaintiff Carl Anthony Knight, Jr. commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision and Order entered on August 26, 2025, the Court granted the IFP Application, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims without prejudice, and found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Corrections Officer Anzalone survived sua sponte review.  *See* Dkt. No. 4 ("August 2025 Order").

Thereafter, the Court received the following submissions from plaintiff: (1) a motion to file an amended complaint and proposed amended complaint, Dkt. No. 21 ("Motion to Amend"); Dkt. No. 21-1 ("Prop. Am. Compl."); and (2) a letter request for sanctions, Dkt. No. 24 ("Letter Request For Sanctions").  By Decision and Order entered on March 25, 2026, the Court denied the Motion to Amend as unnecessary, accepted the proposed amended complaint as the operative pleading, directed the Clerk to add several officials to the docket as defendants, dismissed certain claims, and found that the following claims survived sua sponte review: (1) plaintiffs Eighth Amendment excessive force and failure-to-intervene claims against defendants Swinderski, Anzalone, and Coomber; and (2) plaintiff's Eighth Amendment medical indifference claims against defendants Anzalone, Coomber, and Barrette.  *See* Dkt. No. 25 ("March 2026 Order").  The Court also denied the Letter Request For Sanctions.  *Id*.

Presently before the Court are the following: (1) plaintiff's "Objection" to the March

2

2026 Order, which the Court liberally construes as a motion for reconsideration, Dkt. No. 31 ("Motion for Reconsideration"); and (2) plaintiff's letter request for sanctions based on defendants' failure to respond to the amended complaint and serve initial disclosures, Dkt. No. 45 ("Second Letter Request For Sanctions").

## II.    MOTION FOR RECONSIDERATION

### A.    Overview of the Original Complaint and Amended Complaint

In the original complaint, plaintiff asserted Section 1983 claims arising out of alleged wrongdoing while he was incarcerated at Marcy Correctional Facility. *See generally*, Compl. More specifically, the complaint asserted claims arising out of an alleged use-of-force incident and officials subsequently denying plaintiff medical treatment, destroying his personal property, and placing him in restrictive confinement. *Id*. The complaint named the following officials as defendants: Corrections Officer Anzalone; Corrections Officer Swinderski; Corrections Sergeant Coomber; Marcy Correctional Facility Superintendent Thorpe; and New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Martuscello. *Id*.

Plaintiff's amended complaint re-asserts Section 1983 claims based on alleged wrongdoing that occurred during his confinement at Marcy Correctional Facility. *See generally*, Am. Compl. The pleading is materially similar to the original complaint, except that plaintiff includes additional details in support of his dismissed claims, and new allegations of wrongdoing by newly named defendants. The following facts are set forth as alleged in the amended complaint.

On August 13, 2023, at approximately 8:15 a.m., plaintiff was "sitting in [his] cubicle" when defendant Swinderski contacted defendants Anzalone and Coomber and told these

3

officials "to beat [plaintiff] profusely until [he] learn[s] [his] lesson." Am. Compl. at 3. "These officers had a reputation for unlawfully us[ing] excessive force on incarcerated individuals mal[i]ciously and sadistically[.]" *Id*.

Thereafter, defendants Anzalone and Coomber arrived at the scene with two other unidentified corrections officials and escorted plaintiff to the infirmary. Am. Compl. at 3. During the escort, defendant Anzalone "yanked on the handcuffs" worn by plaintiff, causing his "skin to rip and tear and bleed[.]" *Id*. Thereafter, while plaintiff was in the transport van, the escorting officials "slammed [him] face first on the ground" while "saying they were gonna [sic] teach [him] a lesson[.]" *Id*.

When plaintiff arrived at the infirmary, he was placed in an exam room, "accompanied by" defendants Anzalone, Coomber, and the two other unidentified escorting officials. Am. Compl. at 3. Defendant Anzalone "ran [plaintiff's] face into the wall repeatedly then pushed [him] to the ground while him and the other officers beat [plaintiff] until [he] went unconscious." *Id*. At some point, plaintiff was also "sprayed . . . with OC pepper spray[.]" *Id*.

Following the use-of-force incident, plaintiff was relocated to the special housing unit ("SHU"). Am. Compl. at 3. Defendants Anazlone and Coomber denied plaintiff's request for medical attention and "refused to decontaminate [him.]" *Id*.

While plaintiff was confined in a SHU cell, defendant Nurse Barrette visited him. Am. Compl. at 4. Plaintiff "requested emergency medical assistance and the decontamination protocol" but defendant Barrette "refused" these requests and informed plaintiff that he "look[ed] fine." *Id*. Thereafter, defendant Anzalone issued plaintiff "a fabricated misbehavior report . . . claiming that [he] assaulted a staff member[.]" *Id*. at 3-4.

4

At some point while plaintiff was housed in a SHU cell, defendant Swinderski removed personal property from plaintiff's housing area and "intentionally destroy[ed]" it. Am. Compl. at 3.

Plaintiff "made a[n] OSI report to [the] Office of Special Investigations" regarding the events of August 13, 2023. Am. Compl. at 4. Defendant Marcy Correctional Facility Superintendent Medbury was made aware of the report and plaintiff's desire for "relief from SHU confinement[.]" *Id*. Defendant DOCCS Commissioner Martuscello was also "made aware" of the "malacious [sic] attacks" against plaintiff "through the Office of Special Investigations" but "ignored the reports[.]" *Id*.

Defendant Corrections Captain Chmielewski was assigned as the hearing officer for plaintiff's disciplinary hearing. Am. Compl. at 2, 4. Defendant Chmielewski informed plaintiff before the hearing started that criminal charges would not be filed against him if he pleaded guilty to the disciplinary charges. *Id*. at 4. Plaintiff "took a plea out of fear and being coerced[.]" *Id*. Thereafter, plaintiff appealed the disciplinary disposition to defendant DOCCS Director of SHU Rodriguez, and "explain[ed] the reasons" for his plea. *Id*. Defendants Rodriguez and Martuscello "denied the appeal" without an investigation into plaintiff's claims. *Id*.

**B.    March 2026 Order**

In the March 2026 Order, the amended complaint was construed to assert the following claims against the named defendants in their individual and official capacities: (1) Eighth Amendment excessive force and failure-to-intervene claims against defendants Swinderski, Anzalone, and Coomber; (2) Eighth Amendment medical indifference claims against defendants Anzalone, Coomber, and Barrette; (3) Fourteenth Amendment

5

disciplinary due process claims against defendants Chmielewski and Rodriguez; (4) a Fourteenth Amendment destruction of property claim against defendant Swinderski; and (5) supervisory liability claims against defendants Medbury and Martuscello.  *See* March 2026 Order at 6.

Following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims survived sua sponte review: (1) plaintiffs Eighth Amendment excessive force and failure-to-intervene claims against defendants Swinderski, Anzalone, and Coomber; and (2) plaintiff's Eighth Amendment medical indifference claims against defendants Anzalone, Coomber, and Barrette.  *See* March 2026 Order at 16.  The Court dismissed plaintiff's official capacity claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted, and dismissed plaintiff's remaining Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted.  *Id*.

### C.     Relevant Legal Standard

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs*., 709 F.2d 782, 789 (2d Cir. 1983)).  A motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998).  The standard for granting a motion for reconsideration is strict.

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### D.     Analysis

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Rather, plaintiff argues that the Court erred in (1) not construing the amended complaint to assert excessive force and failure-to-intervene claims and disciplinary due process claims against every named defendant, and (2) dismissing his due process claims, supervisory liability claims, and official capacity claims.  *See* Motion for Reconsideration at 1-3.  According to plaintiff, the allegations in the amended complaint are sufficient to state excessive force and failure-to-intervene claims against defendants Barrette, Chmielewski, Rodriguez, Medbury, and Martuscello because these officials "did nothing to fix the situation" and failed to prevent it. *Id*. at 2.  Plaintiff also contends that his rights were violated when he was issued "a fabricated misconduct" report and the "supervising officials disregarded this and failed to intervene and correct the errors made and reprimand the lower officials[.]"  *Id*. at 2-3.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the March 2026 Order.  Indeed, plaintiff's motion fails to address any of the deficiencies identified in the March 2026 Order with respect to the dismissed claims. *See Shrader*, 70 F.3d at 257 (explaining that motions for reconsideration are generally not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" and that such motions "should not be granted where the moving party seeks solely to relitigate an issue already decided").

The Court will add only that (1) plaintiff is no longer incarcerated at a DOCCS facility, and thus any request for injunctive relief would be inappropriate,[1] and (2) the law is well-settled that the failure to remedy harm that is not ongoing cannot give rise to a cognizable Section 1983 claim.  *See, e.g.*, *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation."); *Burton v. Lynch*, 664 F. Supp. 2d 349, 362 (S.D.N.Y. 2009) ("A superintendent cannot 'remedy' a violation of constitutional rights which has already ceased by ordering some change in prison conditions."); *Tripathy v. Schneider*, No. 21-CV-6392, 2021 WL 4504461, at *3 (W.D.N.Y. Oct. 1, 2021) (dismissing Section 1983 claim against Commissioner of New York State Department of Corrections and Community Supervision and Governor of New York where complaint alleged only that these officials "failed to respond" to plaintiff's complaints of wrongdoing, noting that "the failure to respond to letters protesting unconstitutional actions and/or requesting an investigation is, without more, insufficient to establish personal involvement").

Accordingly, plaintiff's Motion for Reconsideration of the March 2026 Order is denied without prejudice to him filing a second amended complaint with respect to the wrongdoing discussed in the amended complaint.  In the event plaintiff chooses to file an amended complaint, he must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights.  Any amended complaint

---

[1] *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

accepted by this Court shall supersede and replace the current amended complaint in its entirety, and must therefore be a complete pleading which sets forth all of the claims that he wants this Court to consider as a basis for awarding relief herein.

## III.    REQUEST FOR SANCTIONS

Plaintiff seeks sanctions based on the alleged failure by the named defendants to respond to the amended complaint and serve initial disclosures.  *See* Dkt. No. 45.

As an initial matter, plaintiff's submission was not filed as a proper motion in accordance with the Local Rules of Practice for this District.  *See* N.D.N.Y. L.R. 7.1.  In any event, defendant Anzalone filed an answer to the amended complaint on April 8, 2026.  Dkt. No. 29.  Moreover, defendant Anzalone, who is not employed by DOCCS, has provided plaintiff with available disclosures, supplemented those disclosures with additional materials, and responded to plaintiff's Requests for Admissions.  *See* Dkt. Nos. 40, 43.

Furthermore, the deadline for defendants Barrette, Coomber, and Swinderski to respond to the amended complaint is August 7, 2026.  Dkt. No. 42.  These defendants are not required to participate in discovery before responding to the operative pleading.

In light of the foregoing, the Second Letter Request For Sanctions is denied.  For the sake of clarity, in the event defendants Barrette, Coomber, and Swinderski file an answer to the amended complaint, they shall have thirty (30) days from the date their answer is filed to serve initial disclosures, and the discovery deadline shall be reset at that time.

## IV.    FUTURE FILINGS

Although this case is only in the initial discovery stage, with three of the defendants having only recently been served, the Court has already spent considerable resources on the matter, having now addressed several meritless filings from plaintiff.  Accordingly, plaintiff is

cautioned against further unsubstantiated, duplicative and/or improper filings that needlessly waste precious judicial resources.  In the event plaintiff continues to file unsubstantiated or premature requests that unnecessarily burden the Court, he may be subject to appropriate sanctions.

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 31) is **DENIED** without prejudice to him filing a second amended complaint as set forth above; and it is further

**ORDERED** that plaintiff's Second Letter Request For Sanctions (Dkt. No. 45) is **DENIED** as set forth above; and it is further

**ORDERED** that if defendants Barrette, T. Coomber, and Swinderski file an answer to the amended complaint, they shall have thirty (30) days from the date their answer is filed to serve initial disclosures, and the discovery deadline shall be reset at that time; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  July 9, 2026
          Albany, NY

Mae A. D'Agostino
U.S. District Judge