UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARL ANTHONY KNIGHT, JR.,

*Plaintiff,*

– against –

C.O. N. ANZALONE, *et al.*,

*Defendants.*

**DECLARATION OF RACHAEL SEGUIN**

9:25-CV-0996

(MAD/PJE)

I, RACHAEL SEGUIN, on the date noted below and pursuant to 28 U.S.C. §1746, declare the following to be true and correct under penalty of perjury under the laws of the United States:

1. I am the Director of the Incarcerated Grievance Program (IGP) with the New York State Department of Corrections and Community Supervision (DOCCS).

2. As Director of the IGP, my duties and responsibilities include maintaining records of appeals of grievances filed by incarcerated individuals. Specifically, I oversee the records that DOCCS maintains of appeals received by the Central Office Review Committee (CORC), which is the final level of administrative review in the DOCCS IGP.

3. Although not a party to this action, I submit this Declaration in support of Defendants' motion for summary judgment, based upon personal knowledge and review of the applicable regulations, DOCCS Directives, and agency records kept in the ordinary course of business, which are in my custody and care.

4. The IGP is governed by state regulation (7 N.Y.C.R.R. §§ 701.1-701.11), which is grossly mirrored in and administered through an agency-level directive (DOCCS Directive #4040).

5. At all times relevant to this action, a copy of N.Y.C.R.R. Title 7 was available in the Law Library at every DOCCS correctional facility and continues to be so available. Similarly, at all times relevant to this action, DOCCS Directive #4040 was distributed to every facility, was

available in every facility Law Library and grievance office, and continues to be so distributed and available. Thus, the written policies and procedures concerning the IGP are widely distributed and readily accessible to incarcerated individuals. Incarcerated individuals confined to the facility Special Housing Unit or otherwise confined, will be provided with such materials from the Law Library for in-cell use upon request.

6. Additionally, during facility orientation, incarcerated individuals are provided instructions on how to utilize the grievance process and are advised of DOCCS Directive #4040, which states, in pertinent part, that grievances must contain a concise and specific description of the problem and action requested.

7. The DOCCS incarcerated grievance process allows any incarcerated individual who is personally affected by an issue to submit their grievance complaint to the Incarcerated Grievance Resolution Committee (IGRC), a facility committee comprised of elected incarcerated individual representatives and appointed staff members.

8. The incarcerated grievance process established by 7 N.Y.C.R.R. § 701.5 involves three steps:

(1) the incarcerated individual must file a complaint with the IGRC within 21 calendar days of an alleged incident at the individual facility where the incarcerated individual is housed, even if the alleged incident occurred at another facility. Once received, the clerk shall consecutively number and log each grievance at the time of receipt. The IGRC has 16 calendar days in which to attempt to informally resolve the complaint, or hold a hearing;

(2) if dissatisfied with the IGRC recommendation, the incarcerated individual may appeal it to the Superintendent of the facility within 7 calendar days after receipt of the IGRC's

written response. The request to appeal must be submitted, in writing, directly to the IGRC office at the facility where the grievance was filed, as indicated on Form #2131 (Reverse). The Superintendent has 20 calendar days to render a response; and

(3) if dissatisfied with the Superintendent's response, the incarcerated individual may appeal the decision to CORC within 7 calendar days after receipt of the Superintendent's written response. The request to appeal to CORC must also be submitted, in writing, directly to the IGRC office at the facility where the grievance was filed, as indicated on Form #2133, for forwarding to CORC.

9. Absent any extensions, matters not decided within the time limits may be appealed to the next step. 7 N.Y.C.R.R. § 701.6(g)(2).

10. DOCCS also provides an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. *See* 7 N.Y.C.R.R. § 701.8. A grievance that falls under this category will be directly forwarded to the Superintendent upon filing, who has 25 calendar days to render a response. While the expedited procedure allows for direct forwarding of such a grievance to the Superintendent of the facility, an incarcerated individual must still initiate the grievance process by filing a grievance in accordance with § 701.5. *See* 7 N.Y.C.R.R. § 701.8(a). If an incarcerated individual disagrees with the Superintendent's response, they must still appeal the decision to CORC to exhaust their administrative remedies. *See* 7 N.Y.C.R.R. § 701.8(h). To do so, they must file such a request, in writing, to the IGRC office at the facility where the grievance was filed within 7 calendar days of receipt of the Superintendent's response, for forwarding to CORC. *See* 7 N.Y.C.R.R. § 701.8(h). Further, if an incarcerated individual fails to receive a response to an expedited grievance from the Superintendent within 25 calendar days, the failure to respond may be construed as a denial, and the incarcerated individual must still appeal

to CORC to exhaust their administrative remedies. *See* 7 N.Y.C.R.R. § 701.8(g). This is done by filing such a request, in writing, to the IGRC office at the facility where the grievance was filed, for forwarding to CORC. *See* 7 N.Y.C.R.R. § 701.8(g).

11. CORC is the final appellate level of the IGP for both the expedited and non-expedited grievance procedures.

12. Letters or complaints submitted directly to external bodies, such as the Office of Special Investigations (OSI), do not constitute grievances under DOCCS Directive #4040. *See* 7 N.Y.C.R.R. § 701.2(a). Accordingly, letters or complaints submitted directly to OSI regarding allegations of excessive force, failure to intervene, or deliberate medical indifference—such as Plaintiff's—do not satisfy the grievance requirements of 7 N.Y.C.R.R. § 701.5.

13. When an incarcerated individual appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is Department policy to maintain grievance files for the current calendar year and the previous four calendar years. CORC maintains files of grievance appeals received by CORC in accordance with the Directive. In fact, the CORC computer database contains records of appeals of grievances received from the facility IGP Supervisor, including those reviewed under the expedited procedure of 7 N.Y.C.R.R. § 701.8, which were heard and decided by CORC since the 1990's.

14. It is my understanding that Plaintiff, Carl Anthony Knight, Jr., DIN 23-B-1583, alleges that on August 13, 2023, at Marcy Correctional Facility (Marcy), Defendant Swiderski initiated an excessive-force incident by contacting other officers—including Defendant Coomber—to "beat" Plaintiff, and then participated in escorting Plaintiff while other officers allegedly yanked on Plaintiff's handcuffs and slammed Plaintiff's face to the ground during transport to the infirmary. Plaintiff further alleges that Defendant Coomber was present for the entirety of the incident, failed

to intervene, and physically restrained Plaintiff while other officers allegedly rammed Plaintiff's face into a wall, pushed them to the ground, and beat them until they lost consciousness. After the alleged incident, Plaintiff claims that Defendant Barrette twice refused to provide medical assistance or decontamination while Plaintiff was housed in the Special Housing Unit (SHU). Plaintiff's allegations are the proper subject for a grievance through the IGP. 7 N.Y.C.R.R. § 701.2(a).

15. Based upon DOCCS records, Plaintiff was housed at Marcy from July 5, 2023 to August 28, 2023, and at Fishkill Correctional Facility (Fishkill) from August 28, 2023 to November 27, 2023. *See* Plaintiff's Chronological History Display attached as **Exhibit A.** During the aforementioned period, both Marcy and Fishkill had, and continue to have, a fully functioning incarcerated grievance process available to incarcerated individuals.

16. At the request of the Office of the New York State Attorney General, I conducted a diligent search of CORC records for any grievance appeals filed by Plaintiff relating to Plaintiff's allegations in this action. Attached as **Exhibit B** is a true and correct copy of the computer printout reflecting the results of that search, as of August 31, 2026.

17. As evidenced by **Exhibit B**, Plaintiff did not appeal any grievances to CORC pertaining to the allegations referenced in paragraph "14" above.

18. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 31st, 2026
Albany, New York

[signature]
Rachael Seguin

# EXHIBIT A

07/31/26 SLOC010 LOCATOR SYSTEM *FPMS* PAGE 017

CHRONOLOGICAL HISTORY DISPLAY

14 WOODBOURNE

DIN 23B1583 NYSID [redacted] FACILITY OFF COUNTS LOCATION

NAME KNIGHT, CARL DOB [redacted] SEX M E/R NI

| EFFECTIVE DATE | DATE ENTERED | SENDING FACILITY | RECEIVING FAC/ OUTCOUNT LOCATION | TRANSACTION TYPE | CELL |
|---|---|---|---|---|---|
| 04/06/23 | 04/06/23 | | ELMIRA RECEP | NEW COMMIT | 0A-05-36S |
| 05/18/23 | 05/18/23 | ELMIRA RECEP | MIDSTATE | TRANSFER OUT | 0C-02-25S |
| 05/18/23 | 05/18/23 | ELMIRA RECEP | GRNHVN INTKE | INTRANS RECV | 0H-52-69S |
| 05/22/23 | 05/22/23 | GRNHVN INTKE | MIDSTATE | INTRANS SENT | 0H-52-69S |
| 05/22/23 | 05/22/23 | ELMIRA RECEP | MIDSTATE | TRANSFER IN | 27-2E-12B |
| 07/04/23 | 07/04/23 | MIDSTATE | MARCY | INTRANS SENT | 27-2E-19B |
| 07/05/23 | 07/05/23 | MIDSTATE | MARCY | INTRANS RECV | 0J-01-06B |
| 08/16/23 | 08/16/23 | MIDSTATE | MARCY | TRANSFER IN | SH-0B-016 |
| 08/28/23 | 08/28/23 | MARCY | FISHKILL RRU | TRANSFER OUT | SH-0B-016 |
| 08/28/23 | 08/28/23 | MARCY | FISHKILL RRU | TRANSFER IN | JH-00-022 |
| 09/17/23 | 09/17/23 | FISHKILL RRU | FISHKILL GEN | INTRANS RECV | HS-2W-A02 |
| 09/18/23 | 09/18/23 | FISHKILL GEN | FISHKILL RRU | INTRANS SENT | HS-2W-A02 |
| 09/18/23 | 09/18/23 | FISHKILL GEN | FISHKILL RRU | INTRANS RECV | JH-00-022 |
| 11/27/23 | 11/27/23 | FISHKILL RRU | MOHAWK | TRANSFER OUT | JH-00-022 |
| 11/27/23 | 11/27/23 | FISHKILL RRU | MOHAWK | TRANSFER IN | 73-0A-07B |
| 12/18/23 | 12/18/23 | MOHAWK | FISHKILL RRU | TRANSFER OUT | SH-0B-019 |
| 12/18/23 | 12/18/23 | MOHAWK | FISHKILL RRU | TRANSFER IN | JH-00-013 |
| 02/27/24 | 02/27/24 | FISHKILL RRU | WOODBOURNE | TRANSFER OUT | JH-00-013 |
| 02/27/24 | 02/27/24 | FISHKILL RRU | WOODBOURNE | TRANSFER IN | 0C-01-21S |
| 10/03/25 | 10/03/25 | WOODBOURNE | | CR OTH STATE | 0C-02-03B |

NOTE: THIS REPORT WAS RECONSTRUCTED USING HISTORICAL INMATE MOVEMENT DATA FROM COMPUTER RECORDS, AND IS ONLY AS ACCURATE AS IT WAS MAINTAINED BY THE FACILITY FOR THIS TIME PERIOD.

# EXHIBIT B

Department of Corrections and Community Supervision R[redacted] A. Seguin ?

NEW YORK STATE

**Inmate Grievance** Search Page Custom Search

Search this site

# Active Cases 23B1583

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Received Date | Case Code |
|---|---|---|---|---|---|---|---|
| **Count** = **22** | | | | | | | |
| WB-0349-25 | Insufficient Law Library Access Due To Lack Of Staff | MILLER | 08A5772 | 23B1583\|KNIGHT, CARL<br>19A2873\|WARD, JAMELLE<br>97A6087\|BURNS, TREVOR<br>85A4642\|THOMAS, RICHARD<br>85A5352\|BASS, WARREN | 9/12/2025 | 12/23/2025 | 40 - Law Library |
| WB-0202-25 | Stop Payment Not Processed | KNIGHT | 23B1583 | | 6/5/2025 | 6/23/2025 | 36 - Incarcerated Individual Accounts |
| WB-0185-25 | Receive ASAT Completion/Restore CR Date | KNIGHT | 23B1583 | | 5/27/2025 | 6/23/2025 | 20 - ASAT |
| WB-0179-25 | Birth Certificate/Social Security Card Missing From File | KNIGHT | 23B1583 | | 5/16/2025 | 7/11/2025 | 06 - Guidance Unit/Counseling |
| WB-0152-25 | See MD/STI Testing/Blood Pressure Checks | KNIGHT | 23B1583 | | 4/29/2025 | 6/9/2025 | 22 - Medical |
| WB-0151-25 | Religious Services Denied During Job Action | JONES | 16A0278 | 23B3361\|BAINES, DEMARIO<br>21A1638\|BROWN, MARCUS<br>18A2439\|GLASS, CHRISTOPHER<br>22R2686\|GUZMAN, CHAVIAN<br>23B1583\|KNIGHT, CARL<br>24B4808\|MORAN, MICHAEL<br>04A4478\|TAYLOR, ERNEST<br>15A0107\|WILLIAMS, GILBERT | 4/29/2025 | 6/18/2025 | 16 - Religion |
| WB-0139-25 | Personal Credit Report Removed From Incoming Mail By Mailroom Staff | KNIGHT | 23B1583 | | 4/14/2025 | 6/2/2025 | 03 - Correspondence |
| WB-0007-25 | Denied Credit Report | KNIGHT | 23B1583 | | 1/2/2025 | 1/22/2025 | 03 - Correspondence |
| WB-0481-24 | ORC Not Updating Records | KNIGHT | 23B1583 | | 12/13/2024 | 1/22/2025 | 06 - Guidance Unit/Counseling |
| WB-0420-24 | Sergeant Directed Law Library Supervisor To Deny Legal Assistance | KNIGHT | 23B1583 | | 12/6/2024 | 1/24/2025 | 40 - Law Library |
| WB-0449-24 | Harassed/Threatened/Grievances Discarded By Sergeant | KNIGHT | 23B1583 | | 12/3/2024 | 2/4/2025 | 49 - Staff Conduct |
| WB-0450-24 | Outgoing Secure Message Improperly Rejected | KNIGHT | 23B1583 | | 12/3/2024 | 2/4/2025 | 03 - Correspondence |
| WB-0428-24 | Monthly Statements Not Being Issued Timely/Missing Funds | KNIGHT | 23B1583 | | 11/13/2024 | 12/19/2024 | 36 - Incarcerated Individual Accounts |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| WB-0412-24 | ORC Denied Emergency Phone Call/ASAT Completion | KNIGHT | 23B1583 | | 11/1/2024 | 12/10/2024 | 20 - ASAT |
| WB-0417-24 | Mail Delivered To Wrong Cell | KNIGHT | 23B1583 | | 11/1/2024 | 12/10/2024 | 03 - Correspondence |
| WB-0396-24 | Not Receiving Weekly Phone Calls While Serving Loss Of Phone Sanctions | KNIGHT | 23B1583 | | 10/18/2024 | 12/10/2024 | 31 - Rules and Regulations |
| WB-0383-24 | Improper Pat Frisk/Threatened By CO | KNIGHT | 23B1583 | | 10/9/2024 | 1/24/2025 | 49 - Staff Conduct |
| WB-0330-24 | Mail Containing OSI Report Improperly Processed As Third Party Correspondence | KNIGHT | 23B1583 | | 8/28/2024 | 9/18/2024 | 03 - Correspondence |
| WB-0326-24 | Mail Being Delivered To Incorrect Cells | KNIGHT | 23B1583 | | 8/26/2024 | 9/18/2024 | 03 - Correspondence |
| WB-0273-24 | Inadequate Care For Migraines/Injuries/Excessive Urination | KNIGHT | 23B1583 | | 7/18/2024 | 8/26/2024 | 22 - Medical |
| WB-0228-24 | Harassed/Called Names By Sergeant And CO | KNIGHT | 23B1583 | | 6/4/2024 | 7/15/2024 | 49 - Staff Conduct |
| WB-0131-24 | Discrimination/Visit Terminated By Sergeant | KNIGHT | 23B1583 | | 4/1/2024 | 5/6/2024 | 49 - Staff Conduct |

Department of Corrections and Community Supervision R[redacted] A. Seguin ?

Inmate Grievance Search Page Custom Search

Search this site

# Closed Cases 23B1583-

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Received Date | Schd Date | Case Code |
|---|---|---|---|---|---|---|---|---|

There are no items to show in this view of the "Closed Cases" list. To add a new item, click "New".